Crystle Lindsey (SBN: 281944)
**GHIDOTTI | BERGER, LLP**
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: clindsey@ghidottiberger.com

Attorneys for *Secured Creditor,* **U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee for Cabana Series V Trust**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>DAYO BEVERLY,<br><br>                Debtor. | Case No.:  1:25-bk-11660-MB<br><br>Chapter 13<br><br>**OPPOSITION TO DEBTOR'S MOTION TO EXTEND TIME TO FILE CASE OPENING DOCUMENTS** |

Secured Creditor, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee for Cabana Series V Trust ("Creditor"), hereby opposes the Debtor's Motion to Extend Time to File Case Opening Documents (the "Motion", Dkt. 15) on the following grounds:

**I.    THE DEBTORY IS STATUTORILY INELIGIBLE AND THE MOTION SHOULD BE DENIED**

   **A.    <u>The Debtor Has Not Complied with 11 U.S.C. § 109(h) and Is Ineligible to Be a Debtor.</u>**

Under 11 U.S.C. § 109(h)(1), an individual debtor must obtain approved credit counseling before filing a bankruptcy petition. The Court's own form on which the

1

OPPOSITION TO DEBTOR'S MOTION TO EXTEND TIME TO FILE OPENING CASE DOCUMENTS

Motion is filed makes clear it cannot be used to extend time to obtain credit counseling. Instead, a debtor who files without counseling must submit a certification of exigent circumstances explaining why prepetition counseling was not obtained.

Here, the Debtor has not filed the mandatory Certificate of Credit Counseling required by § 109(h), nor any certification of exigent circumstances. The only filing is a Certificate of Debtor Education, filed September 17, 2025 (Dkt. 14), which relates to the post-petition financial management course under § 111. Because the Debtor never obtained the required credit counseling, she is ineligible to be a debtor, and the case is subject to dismissal under § 1307(c).

### B. The Debtor Has Engaged in Serial Filings in Bad Faith and Submitted Incomplete, Inaccurate Petitions.

This is the Debtor's second Chapter 13 filing in four months. She previously filed Case No. 1:25-bk-10820-MB on May 12, 2025, which was dismissed on August 13, 2025, after this Court granted Creditor relief from stay on June 20, 2025 with respect to the Debtor's property and Creditor's collateral located at 5434 Nestle Avenue, Tarzana, California 91356. The instant case was filed September 9, 2025, again on the eve of foreclosure.

The Debtor's petition and schedules in the instant case are unsigned in violation of Fed. R. Bankr. P. 1008, omit the Property and Creditor's secured claim, and understate Debtor's bankruptcy history. The Statement of Related Cases (Dkt. 1) discloses only one prior case, despite at least four prior personal filings and multiple entity filings connected to the Debtor.

The Debtor's prior personal cases also reflect inconsistent use of Social Security numbers. Since 2013, she has used four different SSNs (-5985, -5287, -0057, and -2898), while omitting her SSN entirely in this case. No explanation for these discrepancies has ever been provided, despite Creditor raising the issue in Debtor's prior bankruptcy case.

///

///

**Debtor's Personal Bankruptcy Filings**

| Case No. | Court / Chapter | SSN | Status |
|---|---|---|---|
| 6:13-bk-10878-MJ | CDC / Ch. 13 | -5985 | Filed 1/17/13; dismissed 2/6/13 for failure to file schedules |
| 2:13-bk-19335-NB | CDC / Ch. 13 | -5287 | Filed 4/10/13; dismissed 5/1/13 for failure to file schedules |
| 1:13-bk-13697-AA | CDC / Ch. 7 | -0057 | Filed 5/31/13; discharge 9/3/13; case closed 9/18/13 |
| 1:25-bk-10820-MB | CDC / Ch. 13 | -2898 | Filed 5/12/25; RFS 6/20/25; dismissed 8/13/25 |
| 1:25-bk-11660-MB | CDC / Ch. 13 | Omitted | Filed 9/9/25; instant case; petition and schedules unsigned/incomplete |

The Debtor has also been tied to multiple bankruptcy filings by entities under her control, as well as an involuntary case against one entity. These cases spanned both Chapter 7 and Chapter 11 proceedings across multiple jurisdictions, and each one was dismissed. The misconduct in these affiliated entity cases has also drawn judicial scrutiny before. In *In re Queen City Rehabs & Renovations, LLC* (Case No. 1:20-bk-12110-MB), this Court issued an Order to Show Cause related to Debtor's nondisclosures and inconsistent filings, including requiring the Debtor, as managing member of the debtor entity, to personally appear for examination. Although the OSC was later discharged, its issuance underscores that the Court had already identified serious concerns with the Debtor's candor and compliance.

///
///
///

**Debtor's Entity-Related Bankruptcy Filings**

| Case No. | Name | Court / Chapter | Status |
| --- | --- | --- | --- |
| 1:20-bk-12110-MB | Queen City Rehabs & Renovations, LLC | CDC / Ch. 11 | Filed 11/27/20; OSC for nondisclosure; dismissed 7/14/21 after RFS |
| 3:20-bk-30826 | CLT Properties Group, LLC | W.D.N.C. / Ch. 7 | Filed 9/14/20; dismissed 10/15/20 |
| 3:20-bk-30854 | Queen City Rehabs & Renovations, LLC | W.D.N.C. / Ch. 7 | Filed 9/24/20; dismissed 10/15/20 |
| 1:21-bk-11134-MT | CLT Properties Group, LLC | CDC / Ch. 7 | Filed 6/29/21; closed 3/6/23 |
| 0:25-bk-12510 | Ascend Trust | D. Md. / Ch. 7 Involuntary | Filed 3/24/25; dismissed 5/16/25; Property listed as mailing address; creditor notices returned undeliverable |

Creditor has filed a Motion for Relief from Stay (Dkt. 10), which seeks termination of the stay and in rem relief under 11 U.S.C. § 362(d)(4), and that motion is set for hearing on October 7, 2025. The same serial filing history and defects are raised in Creditor's Motion for Relief and further support that the instant Motion should be denied.

## III. CONCLUSION

For the foregoing reasons, Creditor respectfully requests that the Court deny the Debtor's Motion, find the Debtor ineligible to proceed under Chapter 13 pursuant to 11 U.S.C. §§ 109(h) and 1307(c), and dismiss this case. Should the Court dismiss the case, Creditor further requests that it retain jurisdiction to adjudicate Creditor's pending Motion for Relief from Stay (Dkt. 10), including the request for in rem relief under 11 U.S.C. § 362(d)(4).

DATED:  September 22, 2025		GHIDOTTI | BERGER, LLP

By:	*/s/ Crystle Lindsey*
	Crystle Lindsey
Attorneys for *Secured Creditor,* **U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee for Cabana Series V Trust**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1920 Old Tustin Avenue, Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO DETOR'S MOTION TO EXTEND DEADLINE TO FILE CASE OPENING DOCUMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **09/22/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Shannon A Doyle on behalf of Interested Party Courtesy NEF: sdoyle@ghidottiberger.com; bknotifications@ghidottiberger.com

Crystle Lindsey on behalf of Creditor U.S. Bank National Association: clindsey@ghidottiberger.com

Elizabeth (SV) F Rojas (TR): cacb_ecf_sv@ch13wla.com

United States Trustee (SV): ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 09/22/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor Dayo Beverly, 5434 Nestle Avenue, Tarzana, California 91356

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/22/2025 | Salina Padilla | /s/ Salina Padilla |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**