Crystle Lindsey (SBN: 281944)
**GHIDOTTI | BERGER, LLP**
1920 Old Tustin Avenue
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
Email: clindsey@ghidottiberger.com

Attorneys for Movant, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee for Cabana Series V Trust

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>DAYO BEVERLY,<br><br>Debtor. | Case No.: 1:25-bk-11660-MB<br><br>Chapter 13<br><br>**REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1), (d)(2), AND (d)(4); DECLARATIONS OF ALISHA FOXX AND CRYSTLE LINDSEY IN SUPPORT THEREOF**<br><br>Date:    October 7, 2025<br>Time:    10:00 a.m.<br>Place:   Courtroom 303/Zoom.Gov |

Movant, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee for Cabana Series V Trust ("Movant"), submits this Reply to the Opposition filed by Debtor to Movant's Motion for Relief from the Automatic Stay (the "Motion") with respect to the real property located at 5434 Nestle Avenue, Tarzana, California 91356 (the "Subject Property"), and states as follows:

1

## I. INTRODUCTION

Debtor's Opposition is both procedurally defective and substantively insufficient. It was filed seven days late in violation of Local Bankruptcy Rule 9013-1(f) and may be disregarded on that basis alone. Even if considered, the Opposition fails to rebut any of the undisputed facts supporting stay relief.

This is Debtor's second Chapter 13 filing in four months, each filed on the eve of foreclosure sale. Debtor has proposed an incomplete and facially deficient plan, failed to insure the Property, and continues to present serious questions regarding the accuracy and completeness of her disclosures. These facts demonstrate precisely the type of serial filing abuse that § 362(d)(4) was enacted to address.

The record further shows that Debtor has no equity in the Property, provided inconsistent income disclosures, and omitted required identifying information in her petition. Taken together, these facts establish cause for relief under §§ 362(d)(1), (d)(2), and (d)(4).

## II. THE OPPOSITION IS UNTIMELY AND MAY BE DISREGARDED

Under Local Bankruptcy Rule 9013-1(f)(1), any opposition must be filed not later than 14 days before the hearing. The hearing is set for October 7, 2025, making the deadline September 23, 2025. Debtor did not file her Opposition until September 30, 2025. On this ground alone, the Court may strike or disregard the filing.

## III. THE PROPERTY HAS NO EQUITY EVEN UNDER THE DEBTOR'S VALUATION

The Debtor claims the Property is worth $1,260,000. Even accepting that unsupported figure, the evidence shows there is no equity. As set forth in the Declaration of Movant's authorized Bankruptcy Asset Manager, Movant's secured claim totaled $1,273,621.21 as of September 30, 2025, exceeding the asserted value by more than $13,000. That amount will continue to increase due to accruing interest, protective advances, and recoverable costs. As further stated in that declaration, Movant's secured claim will total $1,294,436.02 as of October 31, 2025, as reflected in the updated payoff

statement attached as **Exhibit 1**.

The Debtor's appraisal (Exhibit 7 to Debtor's Declaration) should be disregarded. It was prepared more than three years ago (May 22, 2022), is irrelevant to current value, and was submitted without a declaration from the appraiser or any other competent witness. As such, it is unauthenticated and inadmissible hearsay under Federal Rule of Evidence 901.

Additionally, Debtor does not dispute that the Property is uninsured. The force-placed policy obtained by Movant is not a substitute for debtor-maintained hazard insurance; it protects only Movant's collateral interest and does not provide the comprehensive coverage required to safeguard the estate's property. Courts routinely hold that a debtor's failure to maintain property insurance constitutes "cause" for relief under § 362(d)(1), even where a lender has procured limited coverage. That failure constitutes cause here as well.

## IV.    DEBTOR'S USE OF MULTIPLE SOCIAL SECURITY NUMBERS AND PRIOR MISREPRESENTATIONS UNDERMINE CREDIBILITY

The Debtor disputes Movant's evidence that she filed prior bankruptcy cases under multiple Social Security numbers ("SSNs"), asserting she "has only one" and that an EIN was used because the Property is held in a trust. That explanation is unsupported by the record. This is a personal Chapter 13 case, and the Bankruptcy Code requires a debtor to list the last four digits of their SSN so the case can be properly associated with prior filings. Title to the Subject Property does not alter that requirement.

Moreover, the Debtor's current petition includes neither the last four digits of any SSN nor an EIN. This omission contradicts Debtor's explanation and fails to account for the use of four different SSNs in five prior bankruptcy cases. Debtor's conduct in her previous Chapter 13 case further underscores this pattern. At the § 341(a) meeting in that case, Debtor claimed identity theft prevented her from producing proof of her SSN, resulting in a continued meeting. She then failed to appear at the continued meeting to

provide proof. That history, combined with the present omission, reflects a continuing failure to provide basic identifying information and undermines the credibility of her disclosures.

The Debtor's credibility is further weakened by her reliance on a declaration previously filed in the Debtor's state court action, where she claimed the Subject Property was intended to be her primary residence. That statement has already been rejected. In denying Debtor's request for a preliminary injunction, the Superior Court found she does not qualify for the protections of the California Homeowner Bill of Rights because the loan was originated as a business-purpose transaction and was not secured by owner-occupied property. The Debtor's repetition of that discredited representation in this proceeding further diminishes the reliability of her testimony.

## V. IN REM RELIEF IS WARRANTED UNDER 11 U.S.C. § 362(d)(4)

The record demonstrates that this case is part of a scheme to delay and hinder Movant's enforcement of its security interest:

This is Debtor's second Chapter 13 case within four months.

- Both this case and the prior case were filed immediately before a scheduled foreclosure sale.
- The Subject Property remains uninsured by Debtor and is covered only by force-placed insurance obtained by Movant.
- Debtor's Chapter 13 plan is incomplete and lacks required information.
- Debtor reports monthly income of $15,000 in Schedule I but $20,000 in her Chapter 13 Statement of Monthly Income (Dkt. 20).
- This is Debtor's fifth personal bankruptcy case, four of which used different SSNs, and the current petition omits any SSN.

The sequence and timing of these events demonstrate a deliberate misuse of the automatic stay to delay foreclosure without any showing of a feasible reorganization. Relief under § 362(d)(4) is necessary to prevent further abuse of the bankruptcy system and to ensure Debtor cannot again use bankruptcy filings to obstruct Movant's

enforcement rights.

## VI. DEBTOR'S FILINGS REVEAL ELIGIBILITY AND CREDIBILITY CONCERNS

The Debtor's proposed Chapter 13 plan (Dkt. 21) is facially deficient and cannot be confirmed as filed. It fails to provide for the Chapter 13 trustee's statutory compensation under 28 U.S.C. § 586(e), omits any provision for ongoing post-petition mortgage payments to Movant and does not specify how Movant's secured claim will be maintained during the case. Several sections of the plan remain blank, including the treatment of unsecured claims. These deficiencies confirm that the plan is neither feasible nor confirmable and further support stay relief.

The Debtor's Certificate of Credit Counseling (Dkt. 19), filed on September 30, 2025, states that she completed counseling on September 10, 2025, which is one day after filing her petition on September 9, 2025. Because Debtor had not completed the required credit counseling before filing, she was ineligible to be a debtor under § 109(h), further calling into question the legitimacy of this case.

## VII. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant the Motion and terminate the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4).

DATED: October 1, 2025                       Respectfully submitted,

                                              GHIDOTTI | BERGER, LLP

                                        By:  */s/ Crystle Lindsey*
                                              Crystle Lindsey
                                        Attorneys for Movant, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee for Cabana Series V Trust

# DECLARATION OF ALISHA FOXX IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I, Alisha Foxx, declare:

1. I am a Bankruptcy Asset Manager for SN Servicing Corporation ("SN Servicing"), which services the subject loan on behalf of U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee for Cabana Series V Trust ("Movant" or "U.S. Bank"). Movant is the current beneficiary under a Deed of Trust encumbering the real property commonly known as 5434 Nestle Avenue, Tarzana, California 91356 (the "Subject Property").

2. I make this declaration in support of U.S. Bank's Reply to the Opposition filed by Debtor Dayo Beverly ("Debtor") to U.S. Bank's Motion for Relief from the Automatic Stay (the "Motion"). I have personal knowledge of the facts set forth herein, and, where based on information contained in the business records of SN Servicing and/or Movant, I am qualified to testify to those records under Federal Rule of Evidence 803(6).

3. SN Servicing maintains records for the subject loan in the ordinary course of business. These records are made at or near the time of the events they reflect by, or from information transmitted by, persons with knowledge of those events. They are kept in the regular course of SN Servicing's business activity, and it is the regular practice of SN Servicing to make and keep such records. I am a custodian of those records, or otherwise qualified to testify to their authenticity.

4. As of October 31, 2025, the total amount owed under the loan will reach $1,294,436.02, inclusive of unpaid principal, accrued interest, fees, and protective advances. A true and correct copy of the Payoff Statement as of October 31, 2025 is attached hereto as **Exhibit 1**.

5. As of the date of this declaration, the Subject Property remains uninsured by the Debtor and Movant continues to advance funds to protect its collateral, including force-placed insurance.

DECLARATIONS IN SUPPORT OF MOTION FOR RELIEF

1  I declare under penalty of perjury under the laws of the United States that the
2  foregoing is true and correct.
3  Executed this 1st day of October, 2025, at <u>Humboldt County</u>, <u>California</u>.

_____
Alisha Foxx

# DECLARATION OF CRYSTLE LINDSEY IN SUPPORT OF
# MOTION FOR RELIEF FROM STAY

I, Crystle Lindsey, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and the Central District of California. I am an attorney with Ghidotti Berger LLP, counsel of record for Secured Creditor, U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee for Cabana Series V Trust ("U.S. Bank" or "Movant"). I have personal knowledge of the matters set forth herein, based on my direct involvement in this case and my review of the records, pleadings, and official bankruptcy dockets referenced below. If called as a witness, I could and would competently testify thereto.

2. I make this declaration in support of Movant's Reply to Debtor Dayo Beverly's ("Debtor") Opposition to Movant's Motion for Relief from the Automatic Stay (the "Motion").

3. Attached hereto as **Exhibit 2** is a true and correct copy of the State Court's Minute Order Denying Plaintiff's Application for Preliminary Injunction entered on April 30, 2025, in the Superior Court of California, County of Los Angeles, in *Beverly v. SN Servicing Corporation* (Case No. 25VECV01519). I obtained the Minute Order directly from the state court docket.

4. In Minute Order, the state court expressly found that Debtor does not qualify for the protections of the California Homeowner Bill of Rights because the loan was originated as a business-purpose transaction and was not secured by owner-occupied property.

5. The Debtor now relies on a prior declaration filed in the state court action in support of her Opposition, repeating statements already rejected by the state court. The Minute Order attached as **Exhibit 2** directly contradicts the Debtor's statements that she resided in the Property as her primary residence since 2016 and demonstrates that her current testimony lacks credibility.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 1st day of October, 2025, at Miami, Florida.

*/s/ Crystle Lindsey*
Crystle Lindsey

REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

# Exhibit 1

**SN SERVICING CORPORATION**
323 5th Street
Eureka, CA 95501

(800) 603-0836
Para Español, Ext. 2771 o 2798
8:00 a.m. 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

October 01, 2025

DAYO BEVERLY
5632 VAN NUYS BLVD STE 1558
VAN NUYS, CA 91401-4602

Your Reference:

Re:    ▓▓▓▓▓▓2289
       DAYO AZIZA BEVERLY
       5434 NESTLE AVENUE
       TARZANA, CA 91356

Pay off figures for the above referenced loan/borrower are:

| | |
|---|---|
| Projected Payoff Date | 10/31/2025 |
| Principal Balance | $1,044,612.61 |
| Interest to 10/31/2025 | $123,525.99 |
| Other (See Attached Detail) | $99,760.51 |
| Prepayment Penalty | $0.00 |
| Funds owed by Borrower | $26,536.91 |
| Funds owed to Borrower | $0.00 |
| Total Payoff | $1,294,436.02 |
| Per diem | $ 207.49 |

The next payment due is 02/01/2024. The current interest rate is 6.00 % and the P&I payment is $5,777.34.

**PAY OFF INSTRUCTIONS/INFORMATION:**
- Pay off figures are subject to change so please call **800-603-0836** to update these figures prior to remitting funds.
- Funds received will be applied with an effective date of the date received.
- All pay off figures are subject to clearance of funds in transit. The pay off is subject to final audit when presented.
- Please provide the borrower's forwarding address so any overpayment or refund can be directly mailed to the borrower.
- We will prepare the release of our interest in the property after all funds have cleared.

**REMITTANCE INFORMATION:**

**Make checks payable to:**    Cabana Series V Trust

| **U.S. Postal Service:** | **FedEx/UPS:** | **Wiring Instructions:** |
|---|---|---|
| SN Servicing Corporation | Bank of Texas | Cabana Series V Trust |
| Cabana Series V Trust | C/O REMITTANCE SERVICES, DEPT 41548 | Bank of Texas |
| PO BOX 660820 | 2200 N HIGHWAY 121 | ACCT #8095283520 |
| DALLAS, TX 75266-0820 | GRAPEVINE, TX 76051 | ABA #111014325 |

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SN SERVICING CORPORATION, ITS EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT THIS DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.

IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY

**SN SERVICING CORPORATION**

**PAYOFF DETAIL**

| DESCRIPTION OF OTHER | AMOUNT |
|---|---|
| LATE CHARGES | $2,010.17 |
| ATTORNEY FEES | $48,087.00 |
| FORECLOSURE EXPENSES | $13,612.01 |
| LEGAL EXPENSE RECOVERY | $0.00 |
| PPFN LEGAL FEES | $0.00 |
| PPFN LEGAL EXPENSES | $0.00 |
| FORCED PLACE FLOOD | $0.00 |
| FORCED PLACE FEE | $0.00 |
| LEGAL BILLING | $0.00 |
| PRIOR SERVICER LATE CHARGES | $0.00 |
| PRIOR SERVICER CORPORATE ADVANCE | $0.00 |
| PRIOR SERVICER NSF FEES | $0.00 |
| PRIOR SERVICER ESCROW ADVANCE | $0.00 |
| PRIOR SERVICER FB LATE CHARGES | $0.00 |
| PRIOR SERVICER MISC FEES | $0.00 |
| PRIOR SERVICER SHORT PAYMENT | $0.00 |
| 3RD PARTY PRIOR SERVICER CORPORATE ADVANCE | $0.00 |
| NSF FEES | $40.00 |
| FORBEARANCE PRINCIPAL | $0.00 |
| FORBEARANCE INTEREST | $0.00 |
| FORBEARANCE LATE CHARGES | $1,231.08 |
| FORBEARANCE OTHER | $0.00 |
| FORBEARANCE FORCE PLACE INSURANCE | $0.00 |
| FORBEARANCE ESCROW | $0.00 |
| FORBEARANCE LEGAL FEE | $0.00 |
| APPRAISAL/BPO | $0.00 |
| CORPORATE ADVANCES | $0.00 |
| PROPERTY TAXES CURRENT | $0.00 |
| PROPERTY TAXES DELINQUENT | $34,780.25 |
| ELECTRONIC PAYMENT FEE | $0.00 |
| MISC FEES | $0.00 |
| PROPERTY INSPECTIONS | $0.00 |
| VERIFICATION OF MORTGAGE FEE | $0.00 |
| PRIOR FAX | $0.00 |
| PRIOR RUSH | $0.00 |
| PRIOR PAYOFF PROCESSING FEES | $0.00 |
| DEFERRED PRINCIPAL | $0.00 |
| | **$99,760.51** TOTAL |

**FUNDS OWED FROM BORROWER**

| | DESCRIPTION | AMOUNT |
|---|---|---|
| PREPAYMENT PENALTY | | $0.00 |
| ASSISTANCE ADVANCE | | $0.00 |
| ASSISTANCE ADVANCE | | $0.00 |
| ESCROW ADVANCE | Short Payment | $0.00 |
| **ESCROW ADVANCE | Taxes / Insurance | $26,536.91 |
| | | **$26,536.91** TOTAL |

**FUNDS OWED TO BORROWER**

| | DESCRIPTION | AMOUNT |
|---|---|---|
| UNAPPLIED | | $0.00 |
| **ESCROW | Balance to be refunded to Borrower at Payoff | $0.00 |
| INTEREST ON ESCROW | | $0.00 |
| INTEREST ON LOSS DRAFT | | $0.00 |
| LOSS DRAFT | | $0.00 |
| | | **$0.00** TOTAL |

**In the event of an escrow disbursement amount may change

# Exhibit 2

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/30/2025<br>David W. Slayton, Executive Officer/Clerk of Court<br>By: _____ J. Nichols _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Dayo Beverly | |
| DEFENDANT/RESPONDENT:<br>SN SERVICING CORPORATION | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25VECV01519 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Order to Show Cause Re: why a preliminary injunction should n...) of 04/30/2025 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Van Nuys, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Crystle Lindsey
1920 Old Tustin Avenue
Santa Ana, CA 92705

Sarah Shapero
Shapero Law Firm
100 Pine St. Ste. 530
San Francisco, CA 94111

David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/30/2025        By: J. Nichols
                             Deputy Clerk

MAY 0 5 2025

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department T

| | |
|---|---|
| 25VECV01519 | April 30, 2025 |
| DAYO BEVERLY vs SN SERVICING CORPORATION | 8:30 AM |

Judge: Honorable Shirley K. Watkins     CSR: None
Judicial Assistant: J. Nichols     ERM: None
Courtroom Assistant: F. Rodriguez     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Sarah Shapero via LACourtConnect

For Defendant(s): Crystle Lindsey via LACourtConnect

**NATURE OF PROCEEDINGS:** Order to Show Cause Re: why a preliminary injunction should not be issued enjoining the sale of the property located at 5434 Nestle Ave, Tarzana, CA 91356

Matter is called for hearing.

Counsel have read the Court's tentative ruling on the Court's website. The motion is argued.

The tentative ruling is adopted as the final order of the Court, as follows:

The court issued a tentative ruling on this matter and a hearing was held on 4/18/2025. The court allowed further briefing on whether plaintiff came within the meaning of "owner occupied" as it is used in Civil Code section 2924.15(b) and whether she is afforded protections under that statute, as well as the applicability of Garner v. Brace.

The court considered the supplemental brief filed by defendant on 4/23/2025 and the brief filed by plaintiff on 4/28/2025.

After having considered the applicable law, the court agrees with defendant's position. Plaintiff does not qualify for the protections of the Homeowner Bill of Rights (HRBR) because her contract with the lender was expressly originated as a business purpose transaction and was not secured by owner occupied property. The court finds that HRBR was not intended for persons, such as plaintiff, who buy property in which there was no agreed upon intention to be owner occupied, who then, without notice or consent of the other party to the contract, moves into the home and then declares the protections of HRBR when she fails to keep up with the loan payments. Plaintiff did not have the unilateral right to change her contract with the lender from a expressly agreed upon non-owner occupied loan to an owner occupied loan. Garner v Brace does not support plaintiff because it was expressly agreed upon at the time of the loan origination that the property would eventually become an owner occupied property. The loan agreement stated

Minute Order     Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Northwest District, Van Nuys Courthouse East, Department T

**25VECV01519**　　　　　　　　　　　　　　　　　　　　　　　　　　April 30, 2025
**DAYO BEVERLY vs SN SERVICING CORPORATION**　　　　　　　　　 8:30 AM

Judge: Honorable Shirley K. Watkins　　　CSR: None
Judicial Assistant: J. Nichols　　　　　　ERM: None
Courtroom Assistant: F. Rodriguez　　　　Deputy Sheriff: None

---

this agreement.

The application for the preliminary injunction enjoining the sale of the property is denied. Plaintiff does not qualify for protections under Civil Code section 2923.6, which is specifically applicable to owner occupied property per Civil Code section 2924.15(b). Plaintiff cannot show that she is likely to succeed in her action and the application is denied.

Because the complaint is solely based on plaintiff's claim that she is protected by HRBR and the court has found after an evidentiary hearing that she is not, the court considers whether it is proper to dismiss the complaint and find defendant to be prevailing party.

Case Management Conference to remain as previously scheduled for 06/18/2025 at 8:30 AM in Department T.

Request for entry of default can not be entered prior to 5/09/2025.

Clerk to give notice.

Certificate of Mailing is attached.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

NORTHWEST DISTRICT-VAN NUYS (EAST) COURTHOUSE
CIVIL/FAMILY LAW DIVISIONS
6230 SYLMAR AVENUE
VAN NUYS, CALIFORNIA 91401

SANTA CLARITA CA 913
1 MAY 2025 PM 4 L

US POSTAGE
ZIP 91401 $ 000.69

92705-781120

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1920 Old Tustin Ave., Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): REPLY TO DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1), (d)(2), AND (d)(4); DECLARATIONS OF ALISHA FOXX AND CRYSTLE LINDSEY IN SUPPORT THEREOF
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/01/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Chapter 13 Trustee: Elizabeth (SV) F. Rojas, cacb_ecf_sv@ch13wla.com
U.S Trustee: United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/01/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor(s): Debtor: Dayo Beverly Nestle Ave, Tarzana, CA 91356
Trustee: Elizabeth (SV) Rojas TR, Valley Executive Tower, 15260 Ventura Blvd, Suite 830, Shermans Oaks CA 91403

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/01/2025 | Salina Padilla | /s/ Salina Padilla |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**