Shannon Doyle, Esq. (SBN 207291)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
bknotifications@ghidottiberger.com
24-003087

Attorney for Secured Creditor,
U.S. Bank Trust National Association as trustee of Cabana Series V Trust, its successors and/or assignees,

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In Re: | CASE NO.: 1:25-bk-11660-MB |
| Dayo Beverly | CHAPTER 13 |
| Debtor(s). | **OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL WITH A 180 DAY BAR TO REFILING** |
| | Date: November 6, 2025<br>Time: 9:30 a.m.<br>Courtroom: 303<br>Location: 21041 Burbank Blvd<br>           Woodland Hills, CA  91367 |
| | Judge Hon. Martin R. Barash |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE CHAPTER 13 TRUSTEE, AND OTHER INTERESTED PARTIES:**

1

Objection to Plan

Secured Creditor, U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust, its successors and/or assignees, ("**Secured Creditor**") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the proposed Chapter 13 Plan and Request for Dismissal with a 180 Day Bar to Refiling, filed by Dayo Beverly ("**Debtor**") on September 30, 2025 as Docket Number 21.

Secured Creditor is entitled to receive payments pursuant to a Note ("**Note**"), which is secured by a Deed of Trust ("**DOT**") on the subject property commonly known as 5434 Nestle Avenue, Tarzana, CA 91356 ("**Property**"). Secured Creditor files this Objection to protect its interests.

## I.   INTRODUCTION

Debtor Dayo Beverly ("Debtor") has filed two Chapter 13 petitions within four months, each timed on **the** eve of foreclosure. Both filings conceal Movant's secured claim, misrepresent the Debtor's bankruptcy history, and fabricate income. In the Debtor's prior case, this Court granted relief from stay in June 2025, expressly permitting Movant to proceed with foreclosure.

The instant filing—submitted with unsigned, incomplete schedules—is a transparent attempt to reimpose the automatic stay and obstruct Movant's foreclosure efforts. Dismissal with a 180 day bar to refiling is warranted under 11 U.S.C. § 1307(c) based on the Debtor's bad faith and repeated misuse of the bankruptcy process.

Additionally, the Debtor has failed to file a Certificate of Credit Counseling, as required under § 109(h)—a deficiency also present in her prior case. She has not provided proof of insurance on the collateral, as required under the loan documents, and her schedules omit the Subject Property, its value, and Movant's secured claim balance.

The Debtor's Chapter 13 Plan is likewise deficient: it omits the statutory payment to the Chapter 13 Trustee, and the Debtor includes no historical income disclosure in the Statement of Financial Affairs. Collectively, these deficiencies confirm that the petition was not filed in good faith and should be dismissed with prejudice.

## II.    RELEVANT FACTS

### A.    Loan Origination, Modification, and Default

Debtor obtained an $869,000 loan from 5th Street Capital Lending, Inc. on or about December 31, 2018, secured by a Deed of Trust recorded January 4, 2019. The beneficial interest in the Deed of Trust was subsequently assigned to Movant. On April 25, 2023, Debtor received a loan modification reducing payments to $5,777.34 per month for two years, then $6,692.06 beginning April 1, 2025, with maturity extended to March 1, 2063. Less than a year later, Debtor defaulted.

A Notice of Default was recorded August 22, 2024, reflecting arrears of $85,599.94. A Notice of Trustee's Sale recorded February 27, 2025, set a March 26, 2025 foreclosure sale.

As of September 30, 2025, Movant's claim balance is $1,273,621.21. Movant

has advanced more than $60,000 to protect its collateral, including approximately $25,226 for escrow shortages covering insurance and related items, and $34,780 for delinquent property taxes.

Beginning October 1, 2025, Debtor's monthly mortgage obligation increased to $10,104.25, consisting of principal and interest of $6,692.06 and an escrow component of $3,412.19. The escrow includes premiums for force-placed insurance, necessitated by the lapse of Debtor's hazard policy in December 2024.

B.    **Debtor's Prior Bankruptcy Filings**

Debtor has filed five personal bankruptcy cases since 2013, four dismissed for failure to prosecute and one resulting in a Chapter 7 discharge. She has used four different Social Security numbers across her filings, and in this case omitted a SSN entirely. Movant does not know the reason for these discrepancies, but they warrant scrutiny and weigh heavily against Debtor's candor and accuracy.

| Case No. | Court / Chapter | SSN | Status |
|---|---|---|---|
| 6:13-bk-10878-MJ | CDC / Ch. 13 | -5985 | Filed 1/17/13; dismissed 2/6/13 for failure to file schedules |
| 2:13-bk-19335-NB | CDC / Ch. 13 | -5287 | Filed 4/10/13; dismissed 5/1/13 for failure to file schedules |
| 1:13-bk-13697-AA | CDC / Ch. 7 | -0057 | Filed 5/31/13; discharge 9/3/13; case closed 9/18/13 |
| 1:25-bk-10820-MB | CDC / Ch. 13 | -2898 | Filed 5/12/25; RFS 6/20/25; dismissed 8/13/25 |

4

Objection to Plan

| Case No. | Court / Chapter | SSN | Status |
|---|---|---|---|
| 1:25-bk-11660-MB | CDC / Ch. 13 | Omitted | Filed 9/9/25; instant case; petition unsigned/incomplete |

Debtor has also been tied to multiple bankruptcy filings by entities under her control, as well as an involuntary case filed against one of her entities. These cases span both Chapter 7 and Chapter 11 proceedings across multiple jurisdictions, and each one was dismissed. Taken together, they underscore a deliberate pattern of serial filings, misuse of the bankruptcy system, and repeated procedural dismissals aimed solely at delaying creditor remedies.

| Case No. | Name | Court / Chapter | Status |
|---|---|---|---|
| 1:20-bk-12110-MB | Queen City Rehabs & Renovations, LLC | CDC / Ch. 11 | Filed 11/27/20; OSC for nondisclosure; dismissed 7/14/21 after RFS |
| 3:20-bk-30826 | CLT Properties Group, LLC | W.D.N.C. / Ch. 7 | Filed 9/14/20; dismissed 10/15/20 |
| 3:20-bk-30854 | Queen City Rehabs & Renovations, LLC | W.D.N.C. / Ch. 7 | Filed 9/24/20; dismissed 10/15/20 |
| 1:21-bk-11134-MT | CLT Properties Group, LLC | CDC / Ch. 7 | Filed 6/29/21; closed 3/6/23 |

| Case No. | Name | Court / Chapter | Status |
|---|---|---|---|
| 0:25-bk-12510 | Ascend Trust | D. Md. / Ch. 7 Involuntary | Filed 3/24/25; dismissed 5/16/25; Property listed as mailing address; creditor notices returned undeliverable |

## C. Prior Case and Relief from Stay

In Debtor's most recently filed bankruptcy case, Debtor filed minutes before foreclosure sale scheduled on May 12, 2025. On June 20, 2025, this Court granted Movant relief from stay. That case was later dismissed on August 13, 2025, for, among other reasons, failure to attend the continued § 341 meeting. Debtor appeared at the initial § 341 meeting, but it was continued because she did not have a copy of her SSN. Debtor failed to appear at the continued meeting and did not furnish proof of her SSN.

## D. The Instant Bankruptcy Filing

On September 9, 2025, the day before another scheduled sale, Debtor filed the present case. The filing is riddled with defects that underscore Debtor's bad faith:

- Unsigned petition and schedules in violation of Fed. R. Bankr. P. 1008.
- False statement regarding prior filings, denying her May 2025 Chapter 13.
- Concealment of the Property and Movant's secured claim.
- No disclosure of arrears or ongoing obligation of $6,692/month.
- Fabricated income of $15,000/month with no source and $0 expenses.
- Failure to disclose unsecured creditors.

These are not errors by a pro se filer. Rather, they are intentional

6

Objection to Plan

concealments designed solely to delay foreclosure.

### III.     LEGAL STANDARD AND ARGUMENT

#### A.     The Debtor has filed the instant Chapter 13 in Bad Faith

Pursuant to 11 U.S.C §1325(a)(3), this Court is required to find that the plan has been proposed in good faith in order to confirm a Plan. Based on the Debtor's history of multiple bankruptcy filings, specifically the Debtor filing two bankruptcy cases in less than four months and two prior bankruptcy cases resulting in dismissals, Secured Creditor submits that the filing of this case and plan has not been done in good faith and therefore, the Plan cannot be confirmed.

#### B.     There is Cause for Dismissal Pursuant to 11 U.S.C. §1307(c) Based on the Debtor's Bad Faith

11 U.S.C. §1307 (c) of the Bankruptcy Code provides that the Court may dismiss a chapter 13 case for cause if dismissal is in the best interests of the creditors and the estate. Although bad faith is not one of the enumerated grounds in subsection (c), it is well established in the Ninth Circuit that bad faith in a chapter 13 case constitutes cause for dismissal. *In re Padilla*, 222 F.3d 1184, 1192-93 (9th Cir. 2000) ("[U]under the . . . Chapter 13 provisions we have held that bad faith does provide "cause "to dismiss . . . Chapter 13 bankruptcy petitions."),citing *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999) ("Although not specifically listed, bad faith is a "cause" for dismissal under § 1307(c).")); *In re Eisen*, 14 F. 3d 469, 470 (9th Cir. 1994) ("A Chapter 13 petition filed in bad faith may be dismissed 'for cause' pursuant to 11 U.S.C. 1307(c).").

In determining whether the debtor has acted in bad faith, a bankruptcy court

7

Objection to Plan

should consider the following factors: (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner"; (2) "the debtor's history of filings and dismissals"; (3) whether "the debtor only intended to defeat state court litigation"; and (4) whether egregious behavior is present. *Leavitt v. Soto (In re Leavitt),* 171 F.3d 1219, 1224 (9th Cir.1999) (citations omitted).

Here, multiple independent grounds establish cause:

- <u>Serial filings</u>: Two Chapter 13s in four months, each on eve of sale.
- <u>Defective and concealed filings</u>: Unsigned schedules omitting Property and secured debt, fabricated income.
- <u>False sworn statements</u>: Denial of recent filings, inconsistent declarations about occupancy.
- <u>Pattern of abuse</u>: Multiple SSNs, entity filings in three jurisdictions, all dismissed.

Taken together, this record constitutes overwhelming cause for dismissal.

**C.    Dismissal with a Bar to Refiling for 180 Days Is Warranted to Prevent Further Abuse Under 11 U.S.C. §105**

Pursuant to §105 of the Bankruptcy Code, this Court has the authority to prohibit the Debtor from re-filing another bankruptcy case for a prescribed period of time to prevent her from further engaging in continuous abuse of the bankruptcy process. Section 105(a) provides in pertinent part:

"The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title. . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to…prevent abuse of

8

Objection to Plan

process."

In *In re Rainbow Magazine, Inc.*, 77 F. 3d 278, 284 (9th Cir. 1996), the Ninth Circuit recognized that in enacting section 105(a), Congress statutorily granted the inherent powers of Article III courts to bankruptcy courts. While the issue in Rainbow Magazine was whether the bankruptcy court has the authority to assess monetary sanctions against bad faith litigants beyond the scope of rule 9011, the holding in the case is sufficiently broad to encompass any action the Court may take in maintaining the integrity of the system, so long as it is not specifically limited by statute. *Rainbow Magazine*, 77 F. 3d at 284-85, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).For example, a finding of bad faith is generally considered sufficient "cause" for the imposition of a bar to re-filing pursuant to § 105 for a period that exceeds 180 days. See *In re Mehlhose*, 469 B.R. 694, 712 (Bankr. E.D. Mich. 2012) (citations omitted);*In re Craighead*, 377 B.R. 648, 657 (Bankr. N.D. Cal. 2007).

The Court should exercise its inherent powers under §105(a) to bar the Debtor from re-filing any new bankruptcy cases for a period of one year, on the basis that:

- Debtor has filed five personal bankruptcies since 2013, including two in 2025 alone on the eve of foreclosure sales.
- Each case followed the same pattern: failure to prosecute, dismissal, and immediate refiling.
- Debtor has used four different SSNs across filings and omitted an SSN in this case.
- Her affiliated entities have filed multiple cases in three jurisdictions, all dismissed.

9

Objection to Plan

## **CONCLUSION**

The record before this Court demonstrates a clear and consistent pattern of bad faith, abuse of the bankruptcy system, and deliberate obstruction of Movant's lawful foreclosure rights. Debtor has filed serial bankruptcies on the eve of sale, concealed material facts, submitted unsigned and incomplete schedules, and fabricated income to obtain the benefit of the automatic stay without any intent or ability to prosecute a legitimate reorganization.

This conduct has imposed substantial prejudice on Movant, consumed judicial resources, and undermined the integrity of the bankruptcy process. The Bankruptcy Code was never intended to serve as a revolving door for debtors seeking to delay creditors through successive, bad-faith filings.

Accordingly, cause exists under 11 U.S.C. § 1307(c) to dismiss this Chapter 13 case, and the Court should exercise its authority under 11 U.S.C. § 105(a) to impose a bar to refiling for a minimum of 180 days—or such longer period as the Court deems appropriate—to prevent further abuse.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied,

2. The case be dismissed with a 180 day bar to refiling; and

3. For such other relief as this Court deems proper.

Dated: 10/15/2025                                            GHIDOTTI | BERGER LLP

/s/Shannon Doyle, Esq.
Shannon Doyle, SBN 207291
Counsel for Secured Creditor

10

Objection to Plan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1920 Old Tustin Ave, Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL WITH A 180 DAY BAR TO REFILLING
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/15/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Debtor: PRO SE
Ch 13 Trustee: Elizabeth (SV) F Rojas (TR)       cacb_ecf_sv@ch13wla.com
U.S. Trustee: United States Trustee (SV)         ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/15/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
  Debtor: Dayo Beverly, 5434 Nestle Ave., Tarzana, CA 91356 (PRO SE)

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/15/2025 | Jennifer Hernandez | /s/ Jennifer Hernandez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE