RoseAnn Frazee (SBN: 262516)
FRAZEE LAW GROUP
5133 Eagle Rock Blvd
Los Angeles, CA 90041
Phone: (323) 274-4287
Fax: (323) 967-7600
roseann@frazeelawgroup.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE:<br><br>Dayo Beverly,<br><br>Debtor. | Case No.: 1:25-bk-11660-MB<br><br>Chapter 13<br><br>**NOTICE OF MOTION AND MOTION TO VACATE ORDER DISMISSING BANKRUPTCY CASE WITH 180-DAY BAR TO REFILING PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024; DECLARATION OF DAYO BEVERLY IN SUPPORT THEREOF**<br><br>Date: January 8, 2026<br>Time: 11:30 A.M.<br>Courtroom: 303<br>Location: 21041 Burbank Blvd<br>          Woodland Hills, Ca 91367 |

**TO ALL KNOWN INTERESTED PARTIES AND THEIR ATTORNEYS:**

**NOTICE IS HEREBY GIVEN** that Dayo Beverly, the debtor in this bankruptcy case (the "Debtor"), hereby moves to vacate the order entered on November 17, 2025 (Doc #39) dismissing her bankruptcy case with 180-day bar to refiling pursuant to Federal Rule of Bankruptcy Procedure 9024 ("Motion") to be heard on January 8, 2026, at 11:30 a.m., or as soon thereafter as counsel may be heard (the "Hearing"), in the United States Bankruptcy Court for the Central District of California,

San Fernando Valley Division, located at 21041 Burbank Blvd, California 91367, before the Honorable Martin R. Barash.

**NOTICE IS FURTHER GIVEN** that if you wish to object to the Motion, you must do so in conformity with Local Rule 3017-1 and ensure that such opposition is filed with the Court no later than fourteen (14) days before the Hearing. Any such opposition must also be served on the Debtor's counsel at the address indicated in the upper-left hand corner of the first page of this Notice, and on the Office of the United States Trustee. Any opposition not so filed and served may be deemed waived.

DATED: November 26, 2025

                                          FRAZEE LAW GROUP

                                          By:/s/RoseAnnFrazee_____
                                          RoseAnn Frazee
                                          Attorney for Debtor

## **MOTION TO VACATE DISMISSAL ORDER**

COMES NOW, Dayo Beverly, the Debtor, by and through the undersigned counsel, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure, and hereby respectfully moves this Court to vacate its Order Dismissing Bankruptcy Case with 180-Day Bar to Refiling entered on November 17, 2025.

### I.

### **FACTUAL BACKGROUND**

1. On September 9, 2025, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, Case No. 1:25-bk-11660-MB.

2. On October 15, 2025, U.S. Bank Trust National Association as trustee of Cabana Series V Trust ("U.S. Bank") filed Objections to Proposed Chapter 13 Plan and Request for Dismissal with a 180-Day Bar to Refiling (Doc #26).  The hearing on U.S. Bank's Request for Dismissal was scheduled for November 6, 2025, at 9:30 a.m.

3. On October 15, 2025, Debtor filed a Declaration (Doc #25) informing the Court that she was in the process of retaining counsel from Bereliani Law Firm but needed additional time for the attorney to review her case and prepare.

4. On November 6, 2025, at 9:37 a.m., Debtor was involved in a motor vehicle accident, as evidenced by the GEICO claim confirmation (Claim Number: 885094104000000) dated November 7, 2025.  Due to this accident, Debtor was unable to attend the scheduled hearing on November 6, 2025.

5. On November 17, 2025, this Court entered an Order Dismissing Bankruptcy Case with 180-Day Bar to Refiling (Doc #39).  Debtor was not represented by counsel at the time of the hearing or when the Order was entered.

### II.

# **LEGAL ARGUMENT**

Federal Rule of Civil Procedure 60(b)(1), as incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for. mistake, inadvertence, surprise, or excusable neglect." (USCS Fed Rules Civ Proc R 60).

The Debtor's failure to appear at the November 6, 2025 hearing constitutes "excusable neglect" under Rule 60(b)(1) because:

1. The Debtor was involved in a motor vehicle accident at 9:37 a.m. on November 6, 2025, just minutes after the scheduled 9:30 a.m. hearing time, as evidenced by the GEICO claim confirmation;

2. The Debtor was not represented by counsel at the time, despite documented efforts to retain representation as shown in her October 15, 2025, declaration; and

3. The Debtor had been actively participating in the bankruptcy proceedings prior to the accident, as evidenced by her pro se filings, including her Response to Motion for Relief of Stay (Doc #24) filed on October 6, 2025.

The dismissal with a 180-day bar to refiling imposes a severe hardship on the Debtor, preventing her from seeking bankruptcy protection and potentially losing her home at 5434 Nestle Avenue, Tarzana, CA 91356.

The Debtor has demonstrated good faith by attempting to retain counsel and by promptly seeking to vacate the dismissal order upon securing legal representation.

Vacating the dismissal order would not unduly prejudice creditors, as the Debtor intends to convert her case to Chapter 7 or propose a feasible Chapter 13 plan that addresses creditors' concerns.

The Bankruptcy Code's purpose of providing honest debtors with a fresh start would be furthered by allowing the Debtor's case to proceed on the merits rather than dismissing it due to circumstances beyond her control. 11 USCS § 349.

The 180-day bar to refiling imposed under 11 U.S.C. § 109(g) should be reconsidered in light of the Debtor's excusable neglect in failing to appear at the hearing due to a car accident.

### III.

### **CONCLUSION**

The Debtor's failure to appear at the November 6, 2025 hearing was due to excusable neglect—specifically, a car accident that occurred at virtually the same time as the scheduled hearing. This constitutes grounds for relief under Federal Rule of Civil Procedure 60(b)(1).

WHEREFORE, Debtor respectfully requests that this Court:

1.     Vacate the Order Dismissing Bankruptcy Case with 180-Day Bar to Refiling entered on November 17, 2025;

2.     Reinstate the Debtor's Chapter 13 bankruptcy case; and

3.     Grant such other and further relief as the Court deems just and proper.

Date: November 26, 2025                                         FRAZEE LAW GROUP

By: _____
RoseAnn Frazee, Attorney for Debtor

## DECLARATION OF DAYO BEVERLY

I, Dayo Beverly, am the Debtor in this case. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

1. On September 9, 2025, I filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, Case No. 1:25-bk-11660-MB.

2. On October 15, 2025, U.S. Bank Trust National Association as trustee of Cabana Series V Trust ("U.S. Bank") filed Objections to Proposed Chapter 13 Plan and Request for Dismissal with a 180-Day Bar to Refiling (Doc #26). The hearing on U.S. Bank's Request for Dismissal was scheduled for November 6, 2025, at 9:30 a.m.

3. On October 15, 2025, I filed a Declaration (Doc #25) informing the Court that I was in the process of retaining counsel from Bereliani Law Firm but needed additional time for the attorney to review my case and prepare.

4. On November 6, 2025, at 9:37 a.m., I was involved in a motor vehicle accident, as evidenced by the GEICO claim confirmation (Claim Number: 885094104000000) dated November 7, 2025. A true and correct copy of this claim confirmation is attached as Exhibit A. Due to this accident, I was unable to attend the scheduled hearing on November 6, 2025.

5. I have since retained RoseAnn Frazee of Frazee Law Group to represent me in this case. If the dismissal order is vacated, I intend to convert this case to Chapter 7 or propose a feasible Chapter 13 plan that addresses creditors' concerns.

6.  I will also make sure that all of the deficiencies in any of my filed documents are cured and will take the steps necessary to receive a bankruptcy discharge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on November 25, 2025, in Los Angeles, California.

By: _____
Dayo Beverly

**EXHIBIT A**



Denali Purvis <denali@frazeelawgroup.com>

## Fwd: * Status check: Your new GEICO Claim
1 message

**Dayo Beverly** <dayobeverly@gmail.com>   Wed, Nov 19, 2025 at 3:46 PM
To: Denali Purvis <Denali@frazeelawgroup.com>

Denali thank you so much for preparing those two motions. Here is where I filed my claim please confirm that we will be trying to vacate and convert to chapter 7

I need something to show the other creditor that I'm about to add them to chapter 7 , they want to see conversion doc

Dayo Beverly

---------- Forwarded message ---------
From: **GEICO** <geico@et.geico.com>
Date: Fri, Nov 7, 2025 at 11:46 AM
Subject: * Status check: Your new GEICO Claim
To: <DayoBeverly@gmail.com>

**Review your claim online anytime**

GEICO

DAYO BEVERLY
Your Claim Number: 885094104000000
Company Name: GEICO General Insurance Company

## You successfully set up your claim

You've got this. We're here to help make the claims process as easy as possible.

Date of incident : November 6,2025.
Time: 9:37 am

It's quick and easy to continue your claim. Once you schedule a vehicle inspection, a GEICO Auto Damage Adjuster will inspect the damage, estimate the repair time and cost, and answer any questions.

**CLICK TO CONTINUE**

Check your claim status any time via claims.geico.com. You can also review your estimates & payments, fill out any forms, upload documents, and much

more.

Sincerely,

Your GEICO Claims Team



Need help? Contact us toll-free at (800) 841-3000.

Do not reply to this email. Information emailed in response to this message will not become part of your claim file; submit your inquiries to **contact us**.

Please note that you cannot opt-out of email that is required to properly service your policy. To manage your email subscriptions, please **click here**.

For California customers only:

For your protection, California law requires the following to appear on this letter: Any person who knowingly presents false or fraudulent information to obtain or amend insurance coverage or to make a claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

This email was sent to you at the following email address:
DayoBeverly@gmail.com



**Contact Us**    **Privacy Policy**

    

Message ID: CLM-12

Government Employees Insurance Company | GEICO General Insurance Company | GEICO Indemnity Company | GEICO Casualty Company | GEICO Advantage Insurance Company | GEICO Choice Insurance Company | GEICO Secure Insurance Company | GEICO County Mutual Insurance Company | Colonial County Mutual Insurance Company | GEICO Marine Insurance Company | GEICO Texas County Mutual Insurance
One GEICO Plaza, Washington, D.C. 20076

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5133 Eagle Rock Blvd, Los Angeles, CA 90041

A true and correct copy of the foregoing document entitled (*specify*): Notice of Motion and Motion to Vacate Order Dismissing Bankruptcy Case With 180-Day Bar to Refiling Pursuant to Federal Rule of Bankruptcy Procedure 9024; Declaration of Dayo Beverly in Support Thereof

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/26/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Attorney for Debtor: RoseAnn Frazee roseann@frazeelawgroup.com
Chapter 13 Trustee: Elizabeth Rojas cacb_ecf_sv@ch13wla.com
U.S. Trustee (SV): ustpregion16.wh.ecf@usdoj.gov
Interested Party: Shannon A. Doyle sdoyle@ghidottiberger.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/26/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Chapter 13 Trustee  
Elizabeth Rojas, Esq.  
15260 Ventura Blvd, Suite 830  
Sherman Oaks, CA 91403

Attorney for Secured Creditor U.S. Bank  
Shannon Doyle, Esq.  
Ghidotti Berger LLP  
1920 Old Tustin Avenue  
Santa Ana, CA 92705

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/26/2025 | Denali Purvis | /s/ Denali Purvis |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**